IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | | |
|---|---|---|
| NIMESH KUMAR CHAUDHARI, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | 1:25-cv-1772 (LMB/IDD) |
| | ) | |
| JEFFREY CRAWFORD et al., | ) | |
| | ) | |
| Respondents. | ) | |

## ORDER

Petitioner Nimesh Kumar Chaudhari ("Chaudhari"), a native and citizen of India, has filed a three-count Petition for Writ of Habeas Corpus ("Petition") under 28 U.S.C. § 2241, in which he asserts that he has been illegally detained by the U.S. Department of Homeland Security's ("DHS") Immigration and Customs Enforcement ("ICE") since August 18, 2025. Specifically, he alleges that his characterization by DHS as an "applicant for admission" pursuant to 8 U.S.C. § 1225(a), thus subjecting him to mandatory detention under 8 U.S.C. § 1225(b)(2), violates the Immigration and Nationality Act ("INA") (Counts I and II) and his due process rights (Count III).

Chaudhari is currently detained at the Farmville Detention Center, which is within this Court's jurisdiction and the basis upon which he is suing Jeffrey Crawford, the warden of the Farmville Detention Center. Chaudhari has also sued James A. Mullan ("Mullan"), the Assistant Field Office Director of ICE's Washington Field Office; Todd M. Lyons, the Acting Director of ICE; Kristi Noem, the DHS Secretary; and Pamela Bondi, the Attorney General (collectively "the federal respondents"). For the reasons discussed in this Order, the Court finds that Chaudhari is detained pursuant to 8 U.S.C. § 1226(a), and because Chaudhari has already been

released on bond that has not been revoked, his Petition will be granted as to Count III, and the respondents will be ordered to release Chaudhari from custody.[1]

I.

Chaudhari was born in India on July 27, 1985, and entered the United States without being admitted or paroled on April 21, 2019.[2]  [Dkt. No. 1] at ¶¶ 15, 21; [Dkt. No. 1-1] at 5. According to immigration records, Border Patrol Agent Manuel Menocal, who was "assigned to patrol duties in the Chula Vista Border Patrol Station's Area of Operations," observed several "individuals climbing over the primary United States/Mexico International Boundary fence" approximately one mile west of the Otay Mesa Port of Entry in California.  [Dkt. No. 1-1] at 6. One individual identified himself as Nimesh Kumar, and Agent Menocal arrested him and transported him, along with several others, to the Chula Vista Border Patrol Station for processing.  Id.

Chaudhari was initially detained for expedited removal proceedings, id. at 5–6, but because he expressed a fear of returning to India, an asylum officer conducted a credible fear interview on May 28, 2019, id. at 13.  During the interview, Chaudhari recounted several violent experiences he had in India and explained that he is afraid to return to India because he "work[s] for the Congress Party and the BJP is the ruling party and they are trying to kill [him]." Id. at 17. The asylum officer found that Chaudhari established a credible fear of persecution in India because of his political opinion, and that determination was approved by a supervisory asylum

---

[1] Because the Court is granting relief on due process grounds, it need not address Chaudhari's request for relief under the INA.

[2] Mullan represented in his Declaration, which is attached as an exhibit to the federal respondents' opposition, that Chaudhari entered the United States on April 24, 2019, [Dkt. No. 10-1] at 2; however, DHS's records reflect that Chaudhari was "encountered" on April 21, 2019, [Dkt. No. 1-1] at 5.

officer on May 30, 2019. Id. at 12–13. Under immigration law at the time, if a noncitizen established a credible fear of persecution, he became potentially eligible for bond.[3]

The next day, on May 31, 2019, a deportation officer served Chaudhari with a Notice to Appear charging him with being present in the United States without having been admitted or paroled and identifying him as an applicant for admission without valid entry documentation.[4] [Dkt. No. 1] at ¶ 24; [Dkt. No. 1-1] at 2–3. Along with the Notice to Appear, the same deportation officer served Chaudhari with a Notice of Custody Determination, which stated that "[p]ursuant to the authority contained in section 236 of the Immigration and Nationality Act and part 236 of title 8, Code of Federal Regulations,"[5] DHS "determined that, pending a final administrative determination in [Chaudhari's] case," he was to be "[d]etained by the Department of Homeland Security."[6] [Dkt. No. 1-1] at 26.

Chaudhari sought review of DHS's custody determination and appeared before an Immigration Judge on June 17, 2019, for a hearing. Id. at 26, 28. In her Order with Respect to

---

[3] Chaudhari's Petition explains that, five days before Chaudhari arrived in the United States, the Attorney General issued his decision in Matter of M-S-, 27 I. & N. Dec. 509 (A.G. 2019), in which the Attorney General concluded that foreign nationals initially placed in expedited removal proceedings and then transferred to full proceedings after establishing a credible fear of persecution are ineligible for bond. This decision overruled Matter of X-K-, 23 I. & N. Dec. 731 (BIA 2005), which held that some foreign nationals transferred from expedited removal proceedings after establishing a credible fear of persecution were eligible for bond. Relevant in Chaudhari's case, the Attorney General delayed the effective date of Matter of M-S- for ninety days. [Dkt. No. 1] at 6.

[4] A Notice to Appear is a "[c]harging document" that "initiates a proceeding before an Immigration Judge." 8 C.F.R. § 1003.13.

[5] Section 236 of the INA is codified at 8 U.S.C. § 1226.

[6] Mullan's Declaration entirely omits discussion of the Notice of Custody Determination, [Dkt. No. 1-1] at 2–3, which is a critical document in Chaudhari's immigration records because it identifies 8 U.S.C. § 1226 as the source of authority under which DHS detained Chaudhari, [Dkt. No. 1-1] at 26.

3

Custody, the Immigration Judge granted Chaudhari's request for a change in custody and ordered his release under a bond of $23,000 with a note stating "No ATD," id. at 28, which refers to alternatives to detention, such as ankle monitors and telephonic reporting.[7]  The Immigration Judge also wrote in her order that both Chaudhari and DHS waived their appeal rights.  Id. Chaudhari posted the $23,000 bond on June 24, 2019, in Jacksonville, Florida, id. at 30, and applied for asylum in the Orlando Immigration Court on July 2, 2020, [Dkt. No. 1] at ¶ 28. Mullan stated in his Declaration that Chaudhari's "removal proceedings were delayed" "[d]ue to the COVID19 pandemic."[8]  [Dkt. No. 10-1] at 3.  Chaudhari's asylum application remains pending.  [Dkt. No. 1] at ¶ 28.

On August 18, 2025, Chaudhari was pulled over by two ICE officers while on his way to work.  Id. ¶ 29.  Chaudhari's Petition characterizes the encounter as follows:

> The officers identified themselves and informed Mr. Chaudhari that there was a warrant for his arrest without any explanation as to why.  It appears that there was considerable difficulty in understanding between the officers and Mr. Chaudhari due to his limited English fluency.  Mr. Chaudhari repeatedly requested the officers to allow him to access his wallet so he could present his work authorization document to substantiate his current immigration status.  The officers ultimately arrested Mr. Chaudhari but also decided to pursue criminal charges against him two days later.

Id.  On August 21, 2025, Chaudhari was charged with assault, battery, and disorderly conduct, for conduct that allegedly occurred on August 18, 2025, during his encounter with the ICE

---

[7] See Alternatives to Detention, Immigration and Customs Enforcement, https://www.ice.gov/features/atd (last visited Oct. 23, 2025).

[8] The Federal COVID-19 Public Health Emergency Declaration ended on May 11, 2023, which was 896 days ago.  End of Federal COVID-19 Public Health Emergency (PHE) Declaration, Centers for Disease Control and Prevention (Sept. 12, 2023), https://archive.cdc.gov/www_cdc_gov/coronavirus/2019-ncov/your-health/end-of-phe.html.

officers.[9] [Dkt. No. 1-1] at 32, 34. Accordingly, Chaudhari was transferred to the custody of local authorities. [Dkt. No. 10-1] at ¶ 11. Even though all state criminal charges were nolle prosequi on September 10, 2025,[10] [Dkt. No. 1-1] at 32, 34, immigration officials took Chaudhari back into their custody on September 12, 2025, [Dkt. No. 1] at ¶ 31.

Chaudhari filed a motion for custody redetermination on September 22, 2025, and a hearing was set for October 1, 2025. [Dkt. No. 10-1] at ¶ 12. The Immigration Judge denied Chaudhari's request stating that he is detained pursuant to 8 U.S.C. § 1225(b)(2)(A). [Dkt. No. 1-1] at 39. Chaudhari then filed his Petition for Writ of Habeas Corpus on October 15, 2025. [Dkt. No. 1]. This Court subsequently entered an Order requiring that Chaudhari not "be removed or transferred from this district for any reason without this Court's permission." [Dkt. No. 2]. On October 21, 2025, Chaudhari filed a Proposed Release Plan, which listed a fixed home address in Harrisonburg, Virginia, where he will reside if released. [Dkt. No. 5] at 1. The federal respondents filed an opposition, [Dkt. No. 10], and Chaudhari filed a reply, [Dkt. No. 11]. Finding that oral argument will not aid in the decisional process, the Petition will be resolved on the papers submitted.

II.

The central question posed in Chaudhari's Petition is whether he is subject to mandatory detention under § 1225(b)(2) or instead subject to discretionary detention and entitled to a bond

---

[9] Because Chaudhari was charged with assault, battery, and disorderly conduct after ICE officers detained him on August 18, 2025, those charges were not the basis for the arrest warrant which the ICE officers referred to in their encounter with Chaudhari. It is unclear from the record before this Court what, if any, arrest warrant the officers were referring to, and Mullan failed to clarify this issue in his Declaration. On this record, the Court finds that the ICE officers did not have a warrant to arrest Chaudhari.

[10] A nolle prosequi "discharges the accused from liability on the indictment to which the nolle prosequi is entered." Miller v. Commonwealth, 234 S.E.2d 269, 273 (Va. 1977).

hearing under § 1226(a).  The federal respondents contend that Chaudhari's detention is governed by § 1225(b)(2).  They maintain that whether an individual is detained under § 1225(b) or § 1226(a) lies in the "distinction between aliens who are detained after a lawful admission into the U.S. and those who are present without a lawful admission." [Dkt. No. 10] at 5.  According to the federal respondents, anyone in the United States who has not been admitted is subject to mandatory detention under § 1225(b), and § 1226(a)'s discretionary detention provisions apply only to those who have been given legal status and subsequently placed into removal proceedings.  Id. at 8–9. Therefore, they argue that because Chaudhari has not been admitted "as a legal matter" into the United States, he is subject to mandatory detention under § 1225(b)(2). Id. at 9.

This argument reflects DHS's novel interpretation of decades-old immigration detention statutes which, as several district courts throughout the country have found,[11] is contrary to DHS's implementing regulations and published guidance, the decisions of its immigration judges (until very recently), longstanding practice in U.S. immigration law, the Supreme Court's interpretation of the statutory scheme, and traditional tools of statutory construction.  See

---

[11] See, e.g., Gomes v. Hyde, 2025 WL 1869299 (D. Mass. July 7, 2025); Martinez v. Hyde, 2025 WL 2084238 (D. Mass. July 24, 2025); Lopez Benitez v. Francis, 2025 WL 2371588 (S.D.N.Y. Aug. 13, 2025); Maldonado v. Olson, 2025 WL 2374411 (D. Minn. Aug. 15, 2025); Arrazola-Gonzalez v. Noem, 2025 WL 2379285 (C.D. Cal. Aug. 15, 2025); J.O.E. v. Bondi, 2025 WL 2466670 (D. Minn. Aug. 27, 2025); Jacinto v. Trump, 2025 WL 2402271 (D. Neb. Aug. 19, 2025); Samb v. Joyce, 2025 WL 2398831 (S.D.N.Y. Aug. 19, 2025); Dos Santos v. Noem, 2025 WL 2370988 (D. Mass. Aug. 14, 2025); Garcia Jimenez v. Kramer, 2025 WL 2374223 (D. Neb. Aug. 14, 2025); Anicasio v. Kramer, 2025 WL 2374224 (D. Neb. Aug. 14, 2025); Rosado v. Figueroa, 2025 WL 2337099 (D. Ariz. Aug. 11, 2025); Orellana Juarez v. Moniz, 2025 WL 1698600 (D. Mass. June 11, 2025); Hernandez Nieves v. Kaiser, 2025 WL 2533110 (N.D. Cal. Sept. 3, 2025); Vasquez Garcia v. Noem, 2025 WL 2549431 (S.D. Cal. Sept. 3, 2025); Carmona-Lorenzo v. Trump, 2025 WL 2531521 (D. Neb. Sept. 3, 2025); Lopez-Campos v. Raycroft, 2025 WL 2496379 (E.D. Mich. Aug. 29, 2025); Kostak v. Trump, 2025 WL 2472136 (W.D. La. Aug. 27, 2025).

Romero v. Hyde, 2025 WL 2403827, at *9 (D. Mass. Aug. 19, 2025). This new approach will also subject "millions more undocumented immigrants to mandatory detention, while simultaneously narrowing § 1226(a) such that it would have an extremely limited (if any) application." Lopez Benitez v. Francis, 2025 WL 2371588, at *8 (S.D.N.Y. Aug. 13, 2025).

This Court has previously addressed several of these points in Hasan v. Crawford, 2025 WL 2682255 (E.D. Va. Sept. 19, 2025), and maintains and incorporates that reasoning into this Order. That same reasoning has been applied in multiple cases since this Court issued its Memorandum Opinion in Hasan, and where this Court has required that a petitioner be provided with a standard bond hearing pursuant to § 1226, the petitioner has been granted bond. Vargas Nunez v. Lyons et al., 1:25-cv-1574-LMB-WEF, Dkt. No. 12 (E.D. Va. Oct. 15, 2025) (released on his own recognizance); Diaz Gonzalez v. Lyons et al., 1:25-cv-1583-LMB-IDD, Dkt. No. 10 (E.D. Va. Oct. 15, 2025) (released on his own recognizance); Gomez Alonzo v. Simon et al., 1:25-cv-1587-LMB-LRV, Dkt. No. 20 (E.D. Va. Oct. 9, 2025) (released under bond of $1,500); Perez Bibiano v. Lyons et al., 1:25-cv-1590-LMB-WEF, Dkt. No. 10 (E.D. Va. Oct. 14, 2025) (released on his own recognizance); Guerra Leon v. Noem et al., 1:25-cv-1634, Dkt. No. 14 (E.D. Va. Oct. 22, 2025) (released on his own recognizance). Moreover, DHS has chosen not to appeal the Immigration Judges' bond decisions.

But more fundamentally, the exhibits attached to Chaudhari's Petition reflect crucial facts in his immigration history that prove that his current detention is unlawful. In particular, the Notice of Custody Determination that DHS officials served on Chaudhari cites INA § 236 (which is codified at 8 U.S.C. § 1226) as the authority under which DHS acted in initially detaining Chaudhari. [Dkt. No. 1-1] at 26. And when Chaudhari sought review of DHS's custody determination in 2019, the Immigration Judge granted his request and ordered his release

on a bond of $23,000, which Chaudhari posted and which neither party appealed. Id. at 28, 30. In other words, DHS has already determined that Chaudhari's detention is governed by § 1226, an Immigration Judge has already set bond, Chaudhari has already posted that bond, and there is no indication in the record before this Court that Chaudhari's bond has been revoked under 8 U.S.C. § 1226(b). See Saravia v. Sessions, 280 F. Supp. 3d 1168, 1197 (N.D. Cal. 2017) (explaining that "notwithstanding the breadth of [§ 1226(b)'s] language," DHS "require[s] a showing of changed circumstances" to revoke bond under § 1226(b) "both where the prior bond determination was made by an immigration judge and where the previous release decision was made by a DHS officer"); accord Salvador F.-G. v. Noem, 2025 WL 1669356, at *4 (N.D. Okla. June 12, 2025); Bermo Sicha v. Bernal, 2025 WL 2494530, at *4 (D. Me. Aug. 29, 2025); Valencia Zapata v. Kaiser, 2025 WL 2741654, at *2 (N.D. Cal. Sept. 26, 2025). Taken together, these critical facts render Chaudhari's continued detention unlawful.

### III.

For all the reasons stated above, Chaudhari's Petition [Dkt. No. 1] is GRANTED as to Count III, and it is hereby

ORDERED that Chaudhari be released from custody on the bond that was set on June 24, 2019, no later than 12:00 noon on Friday, October 24, 2025, with all his personal property; and it is further

ORDERED that Chaudhari live at the address identified in his Proposed Release Plan and keeps immigration officials updated with a current address should he move from the address specified in his Proposed Release Plan; and it is further

ORDERED that respondents—along with their officers, agents, servants, employees, attorneys, successors, and assigns, and all persons acting in concert with them—be and are

8

ENJOINED from rearresting Chaudhari unless he is ordered removed or has committed a new violation of any federal, state, or local law, or has failed to attend any properly noticed immigration or court hearing; and it is further

ORDERED that respondents file a notice with the Court confirming Chaudhari's release.

The Clerk is directed to enter judgment in Chaudhari's favor pursuant to Federal Rule of Civil Procedure 58, forward copies of this Order to counsel of record, cancel the hearing scheduled for October 31, 2025, and close this civil action.

Entered this 23nd day of October, 2025.

Alexandria, Virginia

/s/

Leonie M. Brinkema
United States District Judge

9